The Southern Express Company *v.* Branch.

This case involving nothing but questions of fact which were solely for determination by the jury, and the jury having found in favor of the plaintiff, and the verdict having been approved by the trial judge, this court cannot interfere.

August 20, 1894.

Complaint. Before Judge Hansell. Berrien supe-rior court. October term, 1893.

Erwin, duBignon & Chisholm and D. H. Pope, for plaintiff in error.

Fulwood & Alexander, by D. W. Rountree, *contra.*

Lumpkin, Justice.

A package of money was sent by express to the State Treasurer in Atlanta, by Branch, the tax-collector of Irwin county. Branch testified that he counted and delivered $562.96 to the express agent at Tifton, to be sent to R. U. Hardeman, the treasurer. He stated positively he delivered that identical amount, and identified the express envelope into which the money was put. He further testified that both he and Bowen, the company's agent, wrote their names on the back of the envelope after it was sealed; that Bowen counted the money in his presence; put it in the envelope, sealed it, and stitched it through and through with a thread; put wax and seal upon it in his presence; and that un-

doubtedly all the money was sealed up in the envelope. This witness also stated that the money up to $550.00 was in $100 and in $50 bills; that there was one $10 bill, and the balance in coin; and that if the package was received in Atlanta in good order at the treasurer's office, it was obliged to contain the sum of money already mentioned, which he and Bowen had put into it. Bowen, the company's agent, corroborated this testimony in every particular, except that he did not remember the size of the bills. He further testified that he forwarded the package, in good order, by the first express, and knew that all the money was in the envelope when forwarded.

According to the testimony of R. U. Hardeman, Speer (his clerk) and another witness, the package was received at the State treasury in good order; but upon being opened and the money counted, it contained only $517.96, a shortage of $45.00.

Branch sued the express company for the amount of the principal and interest, and the costs of an execution issued against him by the comptroller-general on account of the shortage in his account as tax-collector, occasioned by the failure of the $45.00 to reach the treasurer. The jury found for the plaintiff the full amount sued for, and the court below overruled the defendant's motion for a new trial, on condition that the plaintiff would write off the amount recovered for interest and the costs upon the *fi. fa.* This the plaintiff did, and the only question is: whether or not the verdict in the plaintiff's favor for the $45.00 is contrary to law and the evidence.

We feel constrained to affirm the judgment. We are unable to account for the disappearance of the $45.00. All the parties concerned in this transaction appear to be upright and honorable gentlemen, and no fraud or wrong is imputable to any of them. The case simply presents

an unsolvable mystery. Inasmuch, however, as it affirmatively appears that the plaintiff did deliver to the express company $562.96, and this fact being admitted under oath by the company's own agent, we cannot say that the jury was wrong, in so far as they held the company liable for the $45, or that the court erred in refusing to set the verdict aside after ordering the excess of that amount to be stricken, and the plaintiff had complied with this order.          *Judgment affirmed.*